**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DEBORAH D. SHANDS**                                                      **PLAINTIFF**

**V.**                            **NO. 3:25-CV-00113 BSM-JTK**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                          **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### I.  Introduction:

On August 21, 2021, Deborah D. Shands ("Shands"), applied for disability benefits. (Tr. at 24). In the application, she alleged that her disability began on January 1, 2020. *Id*. The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Shands was not disabled. (Tr. at 24-33). The Appeals Council declined to review the

ALJ's decision. (Tr. at 1-6). Therefore, the ALJ's decision now stands as the final decision of the Commissioner and Shands has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision denying benefits.

## II.   The Commissioner's Decision:

The ALJ found that Shands, who was age 61 on the alleged onset date, has not engaged in substantial gainful activity since the alleged onset date of January 1, 2020.[1] (Tr. at 26, 87). At Step Two, the ALJ found that Shands has the following severe impairments: lumbar spondylosis and degenerative joint disease, bursitis and degenerative joint disease of the bilateral hips, cervical spondylosis, cervicalgia, idiopathic peripheral neuropathy, and obesity. (Tr. at 27).

At Step Three, the ALJ found that Shands's severe impairments did not meet or equal a listed impairment.[2]  (Tr. at 29). Next, the ALJ determined that Shands had the residual functional capacity ("RFC") to perform modified light exertional work, and he clarified that would mean she can sit for eight hours out of an eight-hour

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[2] 20 C.F.R. Part 404, Subpt. P, Appendix 1, "Adult Listing of Impairments."

workday and can stand or walk for four hours out of an eight-hour workday. *Id*. The ALJ added the following additional restrictions: (1) no more than occasional lifting and carrying twenty pounds and no more than frequently lifting and carrying of ten pounds; (2) no more than frequently reaching overhead bilaterally; (3) should avoid concentrated exposure to excessive vibration, unprotected heights, and hazardous machinery; (4) cannot climb ladders ropes or scaffolds; (5) no more than occasionally climbing of ramps or stairs; and (6) no more than occasionally stooping, kneeling, crouching, or crawling. *Id*.

At Step Four, the ALJ questioned the VE about Shands' past relevant work, and based on that testimony, the ALJ found that Shands could perform past relevant work as a claimant's representative. (Tr. at 32). Therefore, the ALJ concluded that Shands was not disabled. (Tr. at 33).

## III.    Discussion:

### A.    Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the

record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B.   Shands' Arguments on Appeal

Shands contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. Specifically, she argues that the ALJ erred in how he characterized the RFC, both at the hearing and in the opinion, and that he erred in how he evaluated the state-agency medical opinions. The Court finds support for

Shands' arguments.

Shands suffered from back pain, hip pain, and neuropathy that limited her ability to perform daily activities. (Tr. at 29-34, 65-75). Objective findings substantiated her pain. (Tr. at 30, 602, 738). The ALJ found multiple conditions related to her back and hips and legs to be severe impairments. (Tr. at 27). Shands treated her conditions, but treatment was not always effective. (Tr. at 65-75, 743).

The ALJ erred at multiple points, resulting in a confusing opinion which compromised the RFC and the past relevant work determination. At the hearing, he asked the VE hypothetical questions. (Tr. at 81-83). The ALJ stated in the hypothetical that Shands could sit for eight hours per workday and stand or walk for four hours, among other limitations. (Tr. at 81). The VE responded that Shands could return to her past relevant work as a claimant's representative based on those limitations, stating that the position was either light or sedentary work based on how much she could lift. (Tr. at 81-82). The problem is that neither light nor sedentary work requires a person to sit for more than six hours. *See Eppes v. Berryhill*, No. 5:18-CV-00026 BSM-JTK, 2018 WL 4145920 *3-4, (E.D. Ark. Aug. 30, 2018). Eight hours may sound like a lower level of exertion than six (meaning that a claimant could perform that extra amount of sitting), but that is not always the case: "Normally, the full range of light work also encompasses the full range of sedentary

5

work, except in unusual circumstances such as when an individual cannot sit for the time required by sedentary work." *Id*.; *See* 20 C.F.R. § 404.1567(a-b). The ALJ does not discuss this possibility in his opinion.[3] This frustrates our Court's review.

The state-agency medical consultants reviewed the records in 2022 and 2023 and said that Shands could sit for six hours in an eight-hour workday. (Tr. at 91, 101). The ALJ found these opinions partially persuasive, but then changed the sitting requirement to eight hours. (Tr. at 32). He did not explain why he made this change, and he did not specifically address the consultants' sitting limitations; likewise, he did not explain what parts of the opinions were less than persuasive. *Id*. There were no other physical RFC opinions in the record to compare to these consultants' opinions. The Court finds that the ALJ did not give a good explanation for how he evaluated the consultants' opinions, and more specifically, he did not explain why he altered the RFC.

The ALJ listed the RFC work as "modified light work." (Tr. at 29). It is unclear what this means. The past relevant work was done at the sedentary level, based on VE testimony. (Tr. at 81). But sedentary work does not suggest a claimant can sit for 8 hours. And it is hard to say what a "modified light work" category

---

[3] Shands testified that she could only sit for only thirty minutes before she needed to stand up. (Tr. at 77). The multiple impairments that the ALJ found to be severe could conceivably prevent Shands from sitting for a full eight hours, but the ALJ did not explore this.

enables a claimant to do; certainly the ALJ did not clarify.

Finally, at Step Four in the opinion, the ALJ states that the VE testified that "a hypothetical person with the same vocational profile and RFC as the claimant could return to past work as a credit card clerk and a medical transcriber as actually and generally performed in the national economy. (Tr. at 33). The record does not show that Shands ever performed this type of work; it shows she worked only as a claimant's representative. (Tr. at 93). This may be scrivener's error, but it compounds the other errors compromising the RFC and Step Four determinations. Remand is warranted.

## IV.  Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ omitted from his discussion relevant medical evidence.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative review.

DATED this 30th day of March, 2026.

_____
UNITED STATES MAGISTRATE JUDGE